UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD F. DUARTE, JR., <br> TDCJ No. 00601649, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | SA-17-CA-1152-XR |

## DISMISSAL ORDER

Before the Court is *pro se* Petitioner Richard F. Duarte, Jr.'s petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docket Entry 1). For the reasons set forth below, Petitioner's federal habeas corpus petition is dismissed with prejudice as barred by the one-year statute of limitations embodied in § 2244(d). Petitioner is also denied a certificate of appealability.

## Background

In October 1991, Petitioner pled guilty to murder with a deadly weapon and aggravated robbery with a deadly weapon and was sentenced to life imprisonment. *State v. Duarte*, Nos. 91-CR-5563, 91-CR-5564 (290th Dist. Ct., Bexar Cnty., Tex. Oct. 23, 1991). He did not appeal these convictions or his sentence. Instead, Petitioner waited until March 13, 1998, to file a state habeas corpus application challenging each conviction, both of which were ultimately denied by the Texas Court of Criminal Appeals without written order on September 16, 1998. *Ex parte Duarte*, Nos. 38,607-01, -02 (Tex. Crim. App.).

1

Petitioner placed the instant federal habeas petition in the prison mail system on November 3, 2017. In the § 2254 petition, Petitioner alleges: 1) his convictions raise double jeopardy issues because they arise from the same criminal episode; 2) he is being denied equal protection of the law due to his mental health issues; 3) he received ineffective assistance of counsel prior to pleading guilty; and 4) he is being falsely imprisoned.

## Timeliness Analysis

"[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final November 22, 1991, when his time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). However, the one-year limitations period of § 2244(d)(1) did not become effective until April 24, 1996, the day Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Pub. L. No. 104–132, 110 Stat. 1217. As a result, the limitations period under § 2244(d) for Petitioner to file a federal habeas petition challenging his underlying convictions and life sentence expired a year later on April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (finding such petitioners have one year after the April 24, 1996 effective date of

AEDPA in which to file a § 2254 petition for collateral relief). Because Petitioner did not file his § 2254 petition until November 3, 2017—well over twenty years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.      **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law and prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D). Furthermore, although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," it does not toll the limitations period in this case either. As discussed previously, Petitioner's state habeas applications were not filed until March 13, 1998, well after the limitations period expired for challenging his underlying convictions and life sentence. Because Petitioner filed his state habeas petitions after the time for filing a petition under § 2244(d)(1) had lapsed, the state petitions do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### B. Equitable Tolling

Petitioner also failed to provide this Court with a valid reason to equitably toll the limitations period in this case. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner does not establish any extraordinary circumstance prevented him from filing earlier; instead, he asserts he was not aware of the alleged constitutional violations listed previously until he obtained the assistance of prison staff and writ writers. Petitioner does not explain why the claims could not have been presented earlier through the exercise of due diligence. Moreover, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

**Conclusion**

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Based on the foregoing reasons, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Duarte's § 2254 petition (Docket Entry 1) is **DISMISSED WITH PREJUDICE** as time-barred;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 27th day of November, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE